IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Petitioner, vs. JEAN ANNETTE LIASCOS, Respondent. | No. CV-F-05-258 REC/DLB<br>ORDER DENYING RESPONDENT'S MOTION FOR STAY AND VACATING ORAL ARGUMENT NOTICED FOR OCTOBER 3, 2005 |

Respondent was ordered to appear on August 22, 2005 and show cause why she should not be held in civil contempt for her failure to comply with the Summons Enforcement Order. Respondent did not appear on August 22 and did not file any response to the Order to Show Cause. The Order to Show Cause re Contempt specifically provided:

> IT IS FURTHER ORDERED that on or before Monday, August 8, 2005 the respondents shall file and serve a written response to the 'Petition Re: Civil Contempt of Orders filed May 23-25, 2005.' Only those issues brought into controversy by the responsive papers and supported by declaration will be considered

> at the hearing on this Order, and any uncontested allegation in the Petition Re: Civil Contempt will be considered admitted.
>
> Respondents are hereby notified that a failure to comply with this Order will subject respondents to possible further sanctions for contempt of Court.

The court orally ruled on August 22 that respondent is in contempt of court and directed the United States to lodge a proposed Order. The United States lodged the proposed Order on August 30, 2005.

On August 31, 2005, respondent filed a motion for stay, noticing the motion for hearing on October 3, 2005. In support of the motion for stay is filed respondent's declaration in which it is averred:

> 2. On or about October 1, 2004, Internal Revenue Agent Fred Chynoweth issued and served IRS Summons to all defendants [sic] and appellants seeking testimony and production of certain books, records and documents, which erroneous believed [sic] was in the possession of defendants [sic] and appellants for the years 1998 through 2002.
>
> 3. Defendants and Appellants refused for cause, without dishonor the IRS request for testimony and informed Fred Chynoweth that the records and documents requested were not in the control or possession of defendants [sic].
>
> 4. Defendants [sic] and Appellants asserted the Fifth Amendment right and have refused for cause, without dishonor all attempts by Fred Chynoweth to compel testimony.
>
> 5. On May 23, 2005, the Hon. Robert E. Coyle, United States District Judge, signed an Order enforcing said summonses.
>
> 6. Defendants [sic] and appellants duly and

> timely filed Notice of Appeal on June 3, 2005.
>
> 6. On August 22, 2005, the said Judge Coyle conducted a show cause hearing on the Order enforcing said summonses. The court concluded that all defendants [sic] and appellants failed to appear at said hearing and were therefore held in contempt by the court. To date, no order has been filed on the contempt finding as to each defendant [sic] and appellant.
>
> 7. Good cause exists for the issuance of a stay of all proceedings in the court below because if the order of contempt issued below is not stayed by this Honorable Court, the issues raised in Defendants' [sic] and Appellants' appeal will be rendered moot.

As is discussed in the court's Order finding respondent to be in civil contempt and imposing coercive sanctions as a result of civil contempt, the fact that respondents filed an appeal to the Ninth Circuit of the Summons Enforcement Order does not excuse the failure to comply with the Summons Enforcement Orders in the absence of a stay pending appeal. These legal principles and case law supporting them were all set forth in the United States' petition for the order to show cause why respondent should not be found in civil contempt. And as noted, the Order to Show Cause re Civil Contempt specifically directed respondent to file any opposition to the Order to Show Cause re Civil Contempt by a date certain. Respondent filed nothing and did not appear at the August 22 hearing.

Respondent is seeking a stay pending appeal of both the Summons Enforcement Orders and the oral order issued on August 22, 2005 finding respondent in civil contempt.

The Notice of Appeal to the Ninth Circuit from the Summons Enforcement Order states that the issues for appeal are:

> 1) Whether the District Court had jurisdiction to issue the Order dated May 23, 2005, the entire record considered.
>
> 2) Whether the enforcement of the summons is a violation of the Respondent/Appellants 5th amendment privilege.
>
> 3) Whether the court can force the Authorized Agent to testify on behalf of the respondent, since the respondent is an artificial entity.

In deciding whether to issue a stay of the Summons Enforcement Orders pending appeal, the court considers the following factors:

> (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.

United States v. Fitzgerald, 884 F.Supp. 376, 377 (D.Idaho 1995).

In the instant motion for stay, respondent has made no showing, much less a strong showing, of likelihood of success on the merits of the issues raised in the notice of appeal. In fact, respondent does not discuss the merits of the issues at all, merely relying on the assertion that the appeal will be rendered moot if the stay is not issued. Furthermore, none of the issues asserted in the notice of appeal have arguable merit. This court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7604 to issue the summons enforcement orders. Respondent's

claim that enforcement of the IRS summonses will violate her rights under the Fifth Amendment against self-incrimination cannot be raised on appeal because respondent has not appeared before the IRS in compliance with the summons and then raised the privilege with respect to the questions asked or documents sought. See See United States v. Rendahl, 746 F.2d 553, 555 (9th Cir. 1984) (respondent cannot invoke privilege in appeal of summons enforcement order, but must wait until he appears before the IRS and raises the privilege with respect to questions asked or documents sought). Respondent's contention that respondent is an "artificial entity" of which respondent is the "Authorized Agent" who cannot be compelled to testify against the "artificial entity" is unsupported by any legal authority of which this court is aware.

There is no showing that respondent will be irreparably injured if a stay pending the appeal of the Summons Enforcement Order is denied. The Summons Enforcement Order provided that the validity of any claim of the Fifth Amendment privilege to questions asked or documents sought would be determined by the Magistrate Judge during the summons enforcement hearing. Once those rulings were made, respondent can appeal those rulings to the district court and from there to the Ninth Circuit.

Furthermore, the petitioner will be substantially injured by delay in enforcement of the IRS summons as will the public interest in the timely and efficiently collection of taxes and the resolution of litigation involving enforcement of the federal

tax laws.

The court also denies respondent's motion for stay pending appeal to the extent that the motion is directed to the oral order finding respondents in contempt made from the bench on August 22, 2005 and the written Order finding respondent to be in contempt and imposing coercive sanctions.  While an order for contempt is final and appealable, see United States v. Hallahan, 768 F.2d 754, 755 (9th Cir. 1985), the court looks to the same factors in determining whether or not to issue a stay of a contempt order as described above.  These factors do not weigh in favor of a stay of any contempt order pending appeal.  As noted, respondent's challenges to the legality of the Summons Enforcement Order are without merit at this juncture.  While respondent will be injured by the contempt orders because respondent will be incarcerated and will be required to pay a compensatory fine, respondent can purge the contempt by complying with the Summons Enforcement Order and by paying the fine.  In addition, upon compliance with the Summons Enforcement Order and valid claims of the Fifth Amendment privilege, respondent will be able to appeal any rulings concerning the privilege and can seek a stay pending appeal at that time.   Therefore, the potential injury because of the contempt order is not irreparable. Finally, as stated above, the petitioner will be substantially injured by delay in enforcement of the IRS summons as will the public interest in the timely and efficiently collection of taxes and the resolution of litigation involving enforcement of the

federal tax laws.

Respondent has noticed the motion for stay pending appeal for hearing on October 3, 2005. Because respondent has not shown that respondent is entitled to a stay, the motions to stay is denied without oral argument. Furthermore, respondent was given the opportunity to file any responses or oppositions to the Order to Show Cause re Civil Contempt. Respondent failed to do so either in a pleading filed with the court or orally at the hearing on August 22, 2005.

ACCORDINGLY:

1. Respondent's motion for stay pending appeal is denied.

2. Oral argument set for October 3, 2005 is vacated.

IT IS SO ORDERED.

**Dated: September 6, 2005** **/s/ Robert E. Coyle**
668554 UNITED STATES DISTRICT JUDGE